### PINNEY v. WILSON et al.

#### Court of Appeal, Third District; September 25, 1906.

87 Pac. 1111.

**Broker.**—In an Action for Compensation for the Sale of Mining Claims for $235,000, where plaintiff's witnesses testified that ten per cent was a reasonable compensation, and defendant testified that he offered $7,500, and that plaintiff offered in writing to take $10,000, but

no such writing was introduced in evidence, and there was a verdict for plaintiff for $7,500, an award of a new trial to plaintiff was not an abuse of discretion.[1]

APPEAL from Superior Court, City and County of San Francisco; Carroll Cook, Judge.

Action by George M. Pinney against Homer Wilson and others. From an order granting plaintiff's motion for a new trial, defendant Homer Wilson appeals. Affirmed.

Gavin McNab for appellant; Geo. M. Pinney and Carter, Rickets & Dolph for respondent.

BUCKLES, J.—This was an action to recover the sum of $40,000 as a reasonable compensation for plaintiff's services rendered in procuring a purchaser for the defendant's mining claims, situated in Trinity County, known as the Chloride-Baily, Jenny Lind, and Maple group of mines. The action is based on a written promise, contained in a letter written by defendant to plaintiff, "to pay you a reasonable compensation for such service." In another part of the letter he says: "To pay you such compensation as in equity and good conscience you are entitled and the margin of profit therein will permit." The case was tried with a jury, which returned a verdict in favor of the plaintiff in the sum of $7,500, and judgment was given for that amount. Plaintiff moved for a new trial, which was granted, and defendants appeal from the order granting a new trial.

At the trial it was shown that plaintiff introduced to Wilson (defendant and appellant) one Charles Sweeny, who purchased of Wilson the said mines for $235,000. Every witness produced for the plaintiff testified that ten per cent on the amount for which mining property should sell was a reasonable compensation for the services in finding a purchaser. There was no testimony on the part of defendant, except that given by defendant himself. He testified that when he gave plaintiff the letter referred to, in which he promised a reasonable commission, he offered to give the sum of $7,500; that he considered it reasonable. Then, when the sale was made, he testified that plaintiff came to him and offered to take $10,000 for the services rendered. Defendant said this offer to take

---

[1] Cited in the note in Ann. Cas. 1912D, 1226, on duty of trial court to set aside verdict as contrary to evidence.

$10,000 was contained in writing brought to him by the plaintiff. No such writing was offered in evidence. We do not think there was any abuse of discretion in granting the new trial.

The order granting the new trial is affirmed.

We concur: Chipman, P. J.; McLaughlin, J.